

Four Penn Center, 13th Floor
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103-2808
215-587-1000  Main
215-587-1444  Main Fax
www.postschell.com

John N. Joseph
Principal

jjoseph@postschell.com
215-587-1191 Direct
File #: 164687

June 7, 2021

***VIA CM/ECF***

The Honorable Joel H. Slomsky
U.S. District Court Judge
Eastern District of Pennsylvania
601 Market Street, Room 5614
Philadelphia, PA 19106

**Re:** <u>**United States v. Tao Li, Criminal No. 2:16-cr-00022-JHS**</u>

Dear Judge Slomsky:

This letter is in response to the government's June 2, 2021 letter, regarding the restitution sought by GSK. The MVRA provides that the district court must order restitution for necessary expenses in the investigation or prosecution of the offence. As discussed with the Court at Yu Xue's sentencing, the government has the burden to establish the restitution amount. GSK has failed to timely provide the court with reliable and original documentation to satisfy the evidentiary requirements of MRVA. The government's request for restitution should be denied because they failed to meet the burden of establishing the restitution amount.

To provide the Court a sufficient basis to determine whether restitution should be awarded, GSK was required to provide to this Court and probation not later than 60 days[1] prior to sentencing: complete unredacted invoices; evidence showing that GSK paid its legal bills; evidence of discounts or write-offs that reduced the amount GSK owed for legal services and costs; evidence of whether GSK submitted its legal bills to an insurance company; and communications from the government to GSK requiring or requesting support in the criminal investigation. As demonstrated to this Court, GSK has failed to provide these documents to the Court, notwithstanding the explicit notice of the inadequacy of its request prior to the initial March 23 sentencing date.  As such, the Court and Dr. Li are unable to perform the required analysis to determine whether these claimed costs are cognizable under law for restitution.

In *U.S. v. Ferdman*, a $50,000 restitution award was vacated because, as in this case, the government had submitted proof in the form of a document listing estimates of expenses, with only an unverified signature attesting to the accuracy.  In *Ferdman,* the court found that "[t]he

---

[1] Procedure for Issuance and Enforcement of Order of Restitution, 18 U.S.C § 3663(d)(1)

ALLENTOWN   HARRISBURG   LANCASTER   MOUNT LAUREL   PHILADELPHIA   PITTSBURGH   WASHINGTON, D.C.   WILMINGTON
A PENNSYLVANIA PROFESSIONAL CORPORATION

The Honorable Joel H. Slomsky
June 7, 2021
Page 2

record contains no *actual* proof, not even an affidavit, of what those expenses were. That those expenses for the most part appear reasonable is not enough to satisfy the evidentiary dictates of the MVRA." Moreover, in *U.S. v. Pu*, the court stated that a complete accounting of the victims' investigation costs was necessary before issuing restitution. A letter signed by deputy general Counsel of the victim, stating that the attorney's fees for the civil case was not included in their claim for restitution, was not considered to be enough information for the court to review the restitution order. *See U.S. v. Pu*, 814 F.3d 818, 830. In this case, it is impossible to tell whether any expenses are reasonable because the actual billing entry descriptions have not been provided. Furthermore, even redacted billing records are insufficient to determine attorney's fees. *See Tomlinson v. Combined Underwriters Life Ins. Co.*, 2009 WL 2392950 (N.D. Okla. July 29, 2009).

The government cites the Seventh Circuit's decision in *Pu* for the proposition that the government need not prove pecuniary loss to trigger restitution obligations. However, the government wholly ignores the Seventh Circuit's ultimate holding. The *Pu* court reversed the district court's restitution order as "clear error" because the victim had not provided the necessary information for the court to consider. The Seventh Circuit explicitly held that:

> [T]he government must provide an explanation, supported by evidence, of how each professional's time was spent investigating the data breach, being certain that the evidence provides "adequate indication that the hours claimed are reasonable." Then, the court must ensure that the amount claimed was in fact incurred by the investigation of Pu's misconduct.

*Pu* at 831 (citations omitted). The government's continued request for an order of restitution without having timely provided the necessary unredacted supporting documentation 60 days prior to sentencing is nothing less than an invitation for this Court to commit clear error.

Under the preponderance standard, the victim must produce *some* reliable documentation or testimony for the court to verify the claimed restitution amounts. *See U.S. v. Ahidley*, 486 F.3d 1184, 1189 (10th Cir. 2007). The billing summaries provided are not sufficient proof of a restitution amount because they provide no basis to determine what work was done and whether this work was requested by the government. There is no basis for the Court to determine whether the requested restitution amount is appropriate.

In *U.S. v. Carpenter*, the Court stated that attorney's fees incurred by the victim can only be included in the restitution when the fees are found to be necessary. *See U.S. v Carpenter*, 841 F3d 1057, 1062 (8th Cir. 2016). Courts have also ruled that internal investigations can only be included in the restitution damages when they were required by criminal investigators or prosecutors and therefore were necessary. *See U.S. v. Papagno*, 395 U.S. App. D.C. 82, 89,639 F.3d 1093, 1100 (2011). GSK has failed to include in their summaries whether the work was required by the government.

The Honorable Joel H. Slomsky
June 7, 2021
Page 3

GSK has failed to meet its burden because they have not provided the Court with a sufficient basis to determine whether restitution should be awarded. For those reasons, the government's request for restitution should be denied.

Respectfully yours,

John N. Joseph
Principal